**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

LORRAINE CLARK,                                                           :
                      Plaintiff,
    v.

WELLS FARGO BANK, N.A.
dba AMERICA'S SERVICING COMPANY                    : Civil Action No.:

                      Defendant.

**A.     Jurisdiction and Venue**

1.      Jurisdiction arises under 28 U.S.C. §1332, together with the pendent jurisdiction of the court, in that the parties are citizens of different states and plaintiff's damages resulting from loss of her home are in excess of $75,000. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.     Parties**

3.      Plaintiff is an individual residing at 8216 Pickering Street, Philadelphia, Pennsylvania 19150, in the Commonwealth of Pennsylvania [hereinafter "the premises"].

4.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a California corporation engaged in the business of consumer lending in Pennsylvania and elsewhere with a registered agent for civil service at Corporation Service Company in Harrisburg, Pennsylvania. Wells Fargo services and holds plaintiff's

mortgage loan.

**C.     Factual Allegations**

5.   On April 2, 2005, Clark filed a Chapter 13 petition in the United States Eastern Bankruptcy Court under docket no. 05-14463 primarily to cure mortgage arrearages.

6.   Clark's chapter 13 plan required payments of $1,029.00 for 36 months for a total of $37,044.00 (see Ex. "A").

7.   Wells Fargo's filed a proof of claim in plaintiff's bankruptcy on June 29, 2005 listing a mortgage loan arrears owed by plaintiff of $32,340.36 (see Ex. "B").

8.   On July 15, 2005, Wells Fargo filed a motion form relief from the automatic stay with a 180 day bar.

9.   On September 6, 2005 the court approved a stipulation in settlement of the motion for relief (hereinafter referred to as "the stipulation" attached hereto as Ex. "C").

10.  On April 21, 2008, Clark received a notice of default on the stipulation from Wells Fargo's legal counsel, Brice, Vander, Linder & Wernick, P.C. (see Ex. "D").

11.  According to the terms of the notice Clark was $5,253.78 in arrears on post petition loan payments through April 2008.

12.  Clark's arrears was less than claimed by Wells Fargo partly due to her May, 26,

2008 payment having been applied by Wells Fargo to the wrong account of a Lorraine Chalker, Loan No. 0148384167.

13. Clark discovered Wells Fargo's misapplication of her mortgage payment when former Wells Fargo borrower Lorraine Chalker, whose loan with Wells Fargo was paid in full as of May 1, 2008, sent Clark a letter enclosing the payment and Wells Fargo accompanying letter (see Ex."E").

14. On May 13, 2008 Wells Fargo, through Parker McCay, PA filed a certification of default with the Court (see Ex. "F").

15. On May 29, 2008 the Court granted Wells Fargo relief from the stay.

16. On July 11, 2008, Clark, through her attorney, Michael Halprin, filed a motion to reconsider and reinstate the automatic stay (hereinafter "motion to reinstate").

17. The hearing regarding the motion to reinstate, scheduled for August 14, 2008, was continued to September 9, 2008 to allow the mortgage company's counsel to investigate the misapplied payment as well as to determine a finalized reinstatement figure.

18. Clark's total arrearage was $10,454.88 including the default notice amount of $5,253.78 through April 2008 and monthly mortgage payments from May through September of $1,044.22 totaling $5,201.10.

19. Clark provided proof of an applied May 14, 2008 payment of $1044.22 bringing the total funds required to bring the mortgage post-petition arrearages

current to $9,414.66.

20. On August 13, 2008 the Trustee delivered its Final Report Closed Completed.

21. At such time Clark had paid, through the Trustee, the total pre-petition arrears of $32,340.36 required by the proof of claim.

22. On September 9, 2008 a hearing was held on the motion to reinstate.

23. At the aforesaid hearing, Clark's legal counsel provided proof of payments in the amount of $9,580.44 to be sent to Wells Fargo that were sufficient to cure the post-petition arrears.

24. As the Trustee had issued its final report and the bankruptcy discharge order was to be shortly entered as all payments had been completed it was decided between counsel for the parties that the loan would be reinstated outside the bankruptcy proceeding once funds were received.

25. On September 16, 2008, $9,580.44 in three separate checks; Wachovia Official Check No. 1402277247 in the amount of $7,500, Lorraine Clark's personal check no. 725 in the amount of $1,040.22 and Wachovia Bank check no. 05467706 in the amount of $1,044.22 were forwarded, via certified mail, to Wells Fargo's counsel, Parkey, McCay, P.C. (see Ex. "G").

26. Parker, McCay, P.C. received the funds on September 19, 2008 and has verified, via verbal confirmation and email, that they were forwarded to Wells Fargo.

27. Wells Fargo cashed Wachovia Bank check no. 05467706 in the amount of

$1,044.22, returned check no. 725 in the amount of $1,040.22 to plaintiff in November, 2008, and has not cashed Wachovia Official Check No. 1402277247 in the amount of $7,500 (see Ex. "H").

28. On September 23, 2008 the Court entered an order discharging Clark.

29. In October, Clark's home was posted with a notice of sheriff sale.

30. In November, Clark's monthly loan payment was returned by Wells Fargo with accompanying correspondence stating that the payment had the wrong account number listed.

31. According to verbal and email correspondence, between December 1 and 2, 2008 with Phelan, Hallinan & Schmieg, LLP, the $9,580.44 was returned to Clark on October 17, 2008.

32. Clark has never received return of the $7,500 from Wells Fargo.

### COUNT I – CONVERSION

33. Plaintiff re-alleges all prior paragraphs as if set forth herein.

34. Pursuant to business practices established and implemented by Defendant Wells Fargo, Wells Fargo has taken ownership, dominion and/or control of the premises by selling her home at sheriff's sale.

35. Because plaintiff is not in default on her loan obligation under the terms of the Note and Mortgage, Plaintiff should rightfully be in possession, dominion and/or control of the premises.

36. Because plaintiff is not in default on her loan obligation under the terms of the Note and Mortgage, Plaintiff should have received return of $1,044.22 from Wells Fargo.

37. Defendants converted the premises and plaintiff's $1,044.22 in funds by wrongfully selling the home at sheriff sale and is improperly withholding from plaintiff dominion, control and enjoyment of the premises.

38. As a result of the defendant's misconduct, plaintiff has been subjected to incurring the costs of legal counsel to file this action in pursuit of the converted property.

39. As a result of the defendant's misconduct, plaintiff has experienced the distress and frustration of imminent eviction from her home, together with lost equity in her home.

## COUNT II – BREACH OF CONTRACT

40. Plaintiff re-alleges all prior paragraphs as if set forth herein.

41. Defendant breached its contractual obligations to the Plaintiff under the Note and Mortgage in at least the following ways:

    a. By failing to apply all payments received from the Plaintiff under the terms of the Note and Mortgage;

    b. By accelerating the principal amount owed under the Note and foreclosing upon plaintiff's home without plaintiff having been in default as a condition precedent to acceleration and foreclosure as

   required by the Note and Mortgage;

  c. By failing to return to plaintiff $9,580.44 in funds accepted from her towards settlement of the stipulation which figure was represented by defendant to be the amount required to cure any default under the Note and Mortgage.

42. Plaintiffs were also entitled to an implied covenant of good faith and fair dealing in performance of defendant's contractual obligations under the Note and mortgage to account for plaintiff's monthly payments.

43. Defendant breached this covenant by unfairly and in bad faith not accounting for plaintiff's payments as set forth above.

### PRAYER FOR RELIEF

Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Assume jurisdiction over this action;

B. Declare that the Defendant is in breach of the Note and Mortgage contracts and in breach of an implied covenant of good faith and fair dealing as to defendant's contractual obligation under the Note and Mortgage to properly account for plaintiff's payments under the Note;

C. Award damages for the proximate and foreseeable loss resulting from defendant's conversion of plaintiff's property including but not limited to loss of equity, loan payments retained by defendant, wrongful foreclosure

fees and costs, damage to credit rating, attorney fees and costs, and those for mental anguish, in an amount to be determined at trial;

D. Award damages for breach of contract.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: January 6, 2009

RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200