IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE CLARK,<br><br>                Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a<br>AMERICA'S SERVICING COMPANY,<br><br>                Defendant. | No. 09-100 |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") responds to the Complaint as follows:

#### Jurisdiction and Venue

1. Admitted only that this Court has jurisdiction to decide this matter.

2. Admitted.

#### Parties

3. Denied. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Denied as stated. Wells Fargo is a national banking association organized under the laws of the United States; its charter designates South Dakota as the location of its main office. On or about August 31, 1994, Earl J. Fountain, Jr. executed and delivered a mortgage on the premises (as defined in paragraph 3 of the Complaint) to GMAC Mortgage Corporation of PA. The mortgage was assigned to The Prudential Home Mortgage Company, Inc. that day and, on June 19, 1996, the mortgage was assigned to Norwest Mortgage, Inc., a subsidiary of Norwest

Corporation. In June of 1998, Norwest Corporation purchased Wells Fargo & Company and took on the Wells Fargo name. Following that transaction, Norwest Mortgage, Inc. became Wells Fargo Home Mortgage, Inc. Wells Fargo Home Mortgage, Inc. no longer exists as an independent entity but rather functions as an unincorporated division of Wells Fargo known as Wells Fargo Home Mortgage.

5.   Denied as stated. On January 18, 2000, the Philadelphia Court of Common Pleas entered a mortgage foreclosure judgment in favor of Wells Fargo with respect to the mortgage on the premises. Plaintiff's April 2, 2005 Chapter 13 filing was the *fourth* bankruptcy case filed to prevent a sheriff's sale scheduled pursuant to the judgment. Mr. Fountain filed a Chapter 13 petition on January 26, 1998 at No. 98-10953 (Bankr. E.D. Pa). After Wells Fargo obtained relief from the stay, Plaintiff (upon information and belief, Mr. Fountain's wife) filed her own Chapter 13 petition on April 3, 2000, at No. 00-14237 (Bank. E.D. Pa.). After Wells Fargo again obtained relief from the stay, Plaintiff filed another bankruptcy case on May 6, 2002, at No. 02-16631 (Bank. E.D. Pa.). After that case was dismissed, Plaintiff filed the fourth Chapter 13 case on April 2, 2005, at No. 05-14463 (Bank. E.D. Pa.).

6.   Admitted.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.   Admitted.

11.   Admitted.

12.     Denied to the extent this paragraph alleges that the notice of default was inaccurate when sent and to the extent it suggests that the check in question would have cured the default.  Wells Fargo believes that the check in question was sent uncashed to Lorraine E. Chalker under the mistaken belief that the check was a payment on Ms. Chalker's loan (which loan had been paid in full on May 1, 2008).

13.     Denied.  After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  By way of further response, Wells Fargo incorporates by reference the averments of paragraph 12 above.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted only that the hearing was originally scheduled for August 14, 2008, and was continued to September 9, 2008, at which time Plaintiff's motion for reconsideration was withdrawn, upon information and belief, with no other comment on the record.  By way of further response, it is averred that Wells Fargo did not provide any reinstatement quote to Plaintiff or her counsel in the time period between the Order granting relief from the automatic stay and December 2, 2008, the date of the sheriff's sale of the premises.

18.     Admitted in part and denied in part.  It is admitted only that payments on the mortgage were past due in the amount of $5,253.78 through April 21, 2008, that regular payments were due by the 15th of each month in the amount of $1,044.22, and that Wells Fargo received no funds from Plaintiff in the time period between the Order granting relief from the

automatic stay and September 9, 2008. By way of further response, Wells Fargo incorporates by reference the averments of paragraph 17 above.

19. Denied as stated. Wells Fargo incorporates by reference the averments of paragraphs 17 and 18 above.

20. Admitted.

21. Admitted.

22. Admitted only that the motion for reconsideration was withdrawn on September 9, 2008. By way of further response, Wells Fargo incorporates by reference the averments of paragraph 17 above.

23. Denied. Wells Fargo incorporates by reference the averments of paragraph 17 above. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

24. Denied. Wells Fargo incorporates by reference the averments of paragraph 17 above. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

25. Denied. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. Admitted in part and denied in part. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph that the Parker McCay firm received the checks by on September 19, 2008, or whether Parker McCay confirmed that it had forwarded the checks to Wells Fargo. The remaining allegations of this paragraph are admitted except that (a) the exhibit supporting the

allegations of this paragraph is Exhibit H to the Complaint and (b) that, during the cited time period, the law firm of Phelan Hallinan & Schmieg was proceeding with, and controlled the timing of, the sheriff's sale.

27. Denied as stated. Wells Fargo returned the checks to Plaintiff as they were insufficient to reinstate the mortgage.

28. Admitted.

29. Admitted.

30. Denied as stated. Wells Fargo received a check dated October 3, 2008, from Plaintiff on November 7, 2008, which check had numeric and legal amount lines that did not match. On November 10, 2008, Wells Fargo returned the check to Plaintiff.

31. Admitted in part and denied in part. It is admitted only that (a) an email from Phelan Hallinan & Schmieg dated December 2, 2008, suggests that the three checks were sent back to Plaintiff on October 17, 2008, and (b) the checks were in fact sent back to Plaintiff in October of 2008.

32. Denied. After reasonable investigation, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. By way of further response, Wells Fargo incorporates by reference the averments of paragraph 31 above.

### COUNT I

33. Wells Fargo incorporates by reference the averments of the previous paragraphs of this pleading.

34. Denied as stated. The premises was sold at sheriff's sale held on December 2, 2008, to a third party bidder.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT II

40. Wells Fargo incorporates by reference the averments of the previous paragraphs of this pleading.

41. Denied.

42. Denied as a conclusion of law.

43. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of *res judicata* and collateral estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by waiver, estoppel, and laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her state court remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by her own conduct and/or by the conduct of her agents.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant Wells Fargo Bank, N.A. requests that the Court dismiss the Complaint and grant it such further and additional relief as may be fit and appropriate.

/s/ *Henry F. Reichner*
Henry F. Reichner
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8266
(215) 851-1420

Counsel for Defendant
Wells Fargo Bank, N.A. d/b/a
America's Servicing Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically this 27th day of February, 2009, and is available for viewing and downloading from the Federal Court's ECF system.

/s/ *Henry F. Reichner*
Henry F. Reichner